# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53062-7-II |
| Respondent, | |
| v. | |
| FRANK A. WALLMULLER, | UNPUBLISHED OPINION |
| Appellant. | |

Frank Wallmuller appeals the superior court's denial of his motion to compel his former trial counsel to provide him with a copy of his client file.  The State concedes, and we accept the State's concession.  We reverse and remand.

In 2008, the State charged Wallmuller with multiple criminal charges.  Eric Valley represented Wallmuller as appointed counsel.  On September 24, 2018, Wallmuller filed a motion to compel Valley to provide him with a copy of his client file from the criminal case.  According to the motion, Wallmuller had written Valley multiple times requesting the file, but Valley never responded.

The superior court held a hearing on the motion in October 2018.  Valley appeared at the hearing and argued that the superior court did not have jurisdiction over him.  Valley claimed to be Wallmuller's attorney of record and filed a notice of intent to withdraw as his counsel then left the hearing before Wallmuller argued his motion.  Wallmuller argued that he was entitled to

a copy of his client file and discovery materials, subject to nonprejudicial withholdings under Rules of Professional Conduct (RPC) 1.16(d) and redaction under CrR 4.7(h)(3). The State appeared and agreed that Wallmuller was entitled to a copy of his case file, subject to appropriate redactions.

At the conclusion of the hearing, the superior court reserved ruling. The superior court held a second hearing in January 2019. Valley refused to attend the second hearing. The superior court stated it would enter an order directing Valley to produce the file if he still had it, but because the criminal trial ended over seven years prior, and attorneys are required to retain criminal files for approximately seven years, Wallmuller's best recourse was likely through the bar association. But the superior court's written order did not reflect its oral ruling.

The superior court's written order acknowledged that the RPCs require an attorney to provide a requested case file after representation ends, but concluded that Valley had not represented Wallmuller since the entry of the judgment and sentence in December 2009. The superior court denied the motion to compel stating that "the Court denies the motion to compel given the passage of time, but would indicate that this denial does not prohibit Mr. Valley from sending the file to Mr. Wallmuller if [Valley] still has the file." Clerk's Papers at 123.

Wallmuller appeals the superior court's order denying his motion to compel. Wallmuller argues that the superior court erred by not ordering Valley to provide him a copy of his client file under CrR 4.7(h)(3) and RPC 1.16(d). The State concedes, and we accept the State's concession.

The professional conduct rules require defense counsel to "'surrender papers and property to which the client is entitled'" unless retention is "'permitted by other law.'" *State v. Padgett*, 4 Wn. App. 2d 851, 854, 424 P.3d 1235 (2018) (quoting RPC 1.16(d)). The

Washington State Bar Association issued an ethics advisory opinion interpreting RPC 1.16(d) to mean that absent an express agreement to the contrary, the file generated in the course of representation, with limited exceptions, must be turned over to the client at the client's request at the conclusion of representation. WASH. STATE BAR ASS'N RULES OF PROF'L CONDUCT COMM., *Advisory Op.* 181 (1987, amended 2009). CrR 4.7(h)(3) authorizes defense counsel to provide to the defendant any discovery materials received from the prosecution "after making appropriate redactions which are approved by the prosecuting authority or order of the court."

Reading CrR 4.7(h)(3) and RPC 1.16(d) together, an attorney must surrender the client file when a criminal defendant requests copies of his file, and relevant discovery at the conclusion of representation. *Padgett*, 4 Wn. App. 2d at 854. The requesting client need not show any need for the disclosure. *Padgett*, 4 Wn. App. 2d at 854.

In this case, the superior court denied Wallmuller's motion to compel, apparently assuming that Valley no longer possessed the file. But nothing in the record suggests that Valley did not possess Wallmuller's file. And the superior court's finding that Valley's representation of Wallmuller had ended in 2009 with the entry of the judgment and sentence in the underlying criminal case is at odds with Valley's contention at the hearing that he continued to represent Wallmuller.

Neither CrR 4.7(h) nor RPC 1.16(d) place a time limit on a client's right to a copy of his file. Under CrR 4.7(h)(3), RPC 1.16(d), and *Padgett*, Wallmuller is entitled to an appropriately redacted copy of his client file and any discovery materials retained by Valley.

We reverse the superior court's order denying Wallmuller's motion to compel production of his case file, and we remand for the superior court to enter an order compelling Valley to produce copies of the file in his possession after any appropriate redactions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Maxa, J.

_____
J , C.J.